```
                UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF WEST VIRGINIA
                        AT CHARLESTON
```

**UNITED STATES OF AMERICA**

v.                           CRIMINAL ACTION NO. 2:10-00091-02

**TODD ANTHONY GIBBS**

### SUPERVISED RELEASE REVOCATION AND JUDGMENT ORDER
### MEMORANDUM OPINION AND ORDER

On December 5, 2016, the United States of America appeared by Joshua C. Hanks, Assistant United States Attorney, and the defendant, Todd Anthony Gibbs, appeared in person and by his counsel, David R. Bungard, Assistant Federal Public Defender, for a hearing on the petition on supervised release submitted by United States Probation Officer Steven M. Phillips. The defendant commenced a two-year term of supervised release in this action on April 5, 2016, as more fully set forth in the Supervised Release Revocation and Judgment Order entered by the court on April 7, 2016.

The court heard the admissions of the defendant and the representations and argument of counsel.

For reasons noted on the record of this proceeding, which are ORDERED incorporated herein by reference, the court found that the defendant has violated the conditions of supervised release in the following respect:  the defendant used and possessed controlled substances for which he did not have a prescription as evidenced by a positive urine specimen submitted by him on June 1, 2016, for oxymorphone; a positive urine specimen submitted by him on June 9, 2016, for hydrocodone; a positive urine specimen submitted by him on June 24, 2016, for hydrocodone and hydromorphone; a positive urine specimen submitted by him on July 5, 2016, for hydrocodone; his admission to the probation officer on July 15, 2016, that he had ingested one Lortab tablet on a weekly basis during the prior six weeks; a positive urine specimen submitted by him on August 3, 2016, for oxycodone and oxymorphone; a positive urine specimen submitted by him on August 25, 2016, hydrocodone; his admission on September 7, 2016, that he had ingested an unprescribed Percocet tablet on a weekly basis during the prior several week with his last use occurring on September 5, 2016; a positive urine specimen submitted by him on September 7, 2016, for oxycodone; a positive urine specimen submitted by him on September 15, 2016, for oxymorphone; a positive urine specimen submitted by him on September 19, 2016, for hydrocodone; and the

defendant's admission on September 21, 2016, that he had ingested unprescribed Percocet tablets at the rate of six times p0er week during the prior several weeks with his last use occurring on September 20, 2016; all as admitted by the defendant on the record of the hearing and all as set forth in the petition on supervised release.

And the court finding, as more fully set forth on the record of the hearing, that the violation warrants revocation of supervised release and, further, that it would unduly depreciate the seriousness of the violation if supervised release were not revoked, it is ORDERED that the supervised release previously imposed upon the defendant in this action be, and it hereby is, revoked.

And the court having complied with the requirements of Rule 32(a)(1)(B) and (C) of the Federal Rules of Criminal Procedure, and finding, after considering the factors set forth in 18 U.S.C. § 3583(e), that the defendant should be confined to the extent set forth below, it is accordingly ORDERED that the defendant be, and he hereby is, committed to the custody of the United States Bureau of Prisons for imprisonment for a period of FIVE (5) MONTHS, to be followed by a term of three (3) years less one day of supervised release upon the standard conditions

of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he spend the first five (5) months of supervised release in a community confinement center and follow the rules and regulations of the facility, and that he participate in drug abuse counseling and treatment as directed by the probation officer.

The defendant shall surrender for service of the sentence to the institution designated by the Bureau of Prisons by 2:00 p.m. on January 6, 2017.

After hearing the parties respecting bond, the court ORDERED that defendant may be released on the same bond previously executed by him on November 2, 2016.

Recommendation:  The court recommends that the defendant be designated to a facility as close to Huntington, West Virginia, as feasible.

of supervised release now in effect in this district as promulgated by the Administrative Office of the United States Courts (National Form AO 245B), the standard conditions as set forth in Local Rule 32.3 and the special condition that he spend the first five (5) months of supervised release in a community confinement center and follow the rules and regulations of the facility, and that he participate in drug abuse counseling and treatment as directed by the probation officer.

The defendant shall surrender for service of the sentence to the institution designated by the Bureau of Prisons by 2:00 p.m. on January 6, 2017.

After hearing the parties respecting bond, the court ORDERED that defendant may be released on the same bond previously executed by him on November 2, 2016.

Recommendation:  The court recommends that the defendant be designated to a facility as close to Huntington, West Virginia, as feasible.

**The Clerk is directed to forward copies of this written opinion and order to the defendant, all counsel of record, the United States Probation Department, and the United States Marshal.**

DATED: December 8, 2016

John T. Copenhaver, Jr.
United States District Judge